# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LIZA CHAPEN, individually as heir of decedent and as Administratrix of the ESTATE OF LAWRENCE P. CHAPEN,<br><br>Plaintiff,<br><br>v.<br><br>JOHN MUNOZ, an individual, MARC LEPIRE, an individual, ROBERT MARTIN, an individual, JOSEPH CYPHERS, an individual, STEPHEN J. WEAVER, an individual, DAVID MORROW, an individual, STATE OF NEVADA, ex rel., its DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES, DIVISION OF STATE PARKS,<br><br>Defendants. | 3:06-cv-00353-BES-VPC<br><br>**ORDER** |

Currently before the Court is Defendant State of Nevada, Department of Conservation and Natural Resources, Division of State Parks' (the "State") Motion to Dismiss (#22) filed on February 15, 2008. Plaintiff Liza Chapen individually as heir of decedent and as Administratrix of the Estate of Lawrence P. Chapen ("Plaintiff") filed an Opposition to Motion to Dismiss (#23) on February 21, 2008, and the State filed a Reply (#24) on February 27, 2008. Plaintiff filed Supplemental Authority (#25) on October 22, 2008.

## BACKGROUND

The initial complaint in this matter was filed on June 24, 2006. (Complaint (#1)). On July 2, 2006, Plaintiff filed an Amended Complaint (#3) in which he alleged that he was subjected to a hostile work environment by the individually named defendants. Plaintiff and

the individually named defendants were co-workers and employees of the State. Plaintiff filed various causes of action against both the State and the individual defendants. These included constitutional claims pursuant to 42 U.S.C. § 1983, battery, intentional infliction of emotional distress, assault, negligence, violation of the Family Medical Leave Act ("FMLA"), and violation of the Rehabilitation Act. In response, on August 18, 2006, the State filed a motion to dismiss attacking Plaintiff's constitutional claims under Section 1983 and his claim under the Rehabilitation Act. (Motion to Dismiss (#6)). On August 6, 2007, this Court entered an Order (#8) granting the State's motion. In the Order, the Court dismissed Plaintiff's claims under both 42 U.S.C. § 1983 and the Rehabiliation Act but granted Plaintiff leave to amend his complaint to cure the pleading deficiencies in those claims. On August 31, 2007, Plaintiff filed a Second Amended Complaint (#9).[1]

The State has now filed a second Motion to Dismiss (#22) seeking to dismiss Plaintiff's constitutional claims under Section 1983. The State also seeks dismissal of Plaintiff's claims under the FMLA and for negligence.

**ANALYSIS**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is proper only when a complaint exhibits either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). The Court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 (9th Cir. 2000). The Court must also construe the allegations of the complaint in the light most favorable to the nonmoving party. Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). The Court may only grant a motion to dismiss under Rule 12(b)(6) if it is certain that the plaintiff will not be entitled to relief

---

[1] Several months later, Plaintiff filed a Third Amended Complaint (#19) following Lawrence P. Chapen's death and substituting as plaintiff "Liza Chapen, individually as heir of decedent and as Administratrix of the Estate of Lawrence P. Chapen." (Third Amended Complaint (#19)). This is the only substantive change between the Second and Third Amended Complaints.

under any set of facts that could be proven under the allegations of the complaint. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)(internal quotations and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

### I.     42 U.S.C. § 1983 Claims

The State first moves to dismiss Plaintiff's Section 1983 claims. In its motion, the State asserts that Plaintiff continues to plead a First Amendment retaliation claim even though such claim was dismissed in the Court's August 6, 2007 Order. (Motion to Dismiss (#22) at 3). However, in his Opposition, Plaintiff states that he "has not filed a First Amendment claim, contrary to the assertion of the motion." (Opposition to Motion to Dismiss (#23) at 1). Moreover, there is no such claim asserted in Plaintiff's Second Amended Complaint. As such, because Plaintiff concedes that he does not assert a First Amendment retaliation claim, the Court does not need to address this issue.[2]

Second, the State moves to dismiss Plaintiff's equal protection claim under Section 1983. According to the State, this claim should be dismissed because Plaintiff's Second Amended Complaint fails "to cure the pleading defects with respect to this claim." (Motion to Dismiss (#22) at 4). In response, Plaintiff argues that the equal protection claim should survive because he added language that "others similarly situated were not treated adversely" to the claim after it was dismissed. (Opposition to Motion to Dismiss (#23) at 1).

In the Court's Order initially dismissing Plaintiff's equal protection claim, the Court stated that "the facts presented in Plaintiff's Amended Complaint are not sufficient to state a

---

[2] Plaintiff filed a First Amendment retaliation claim in his Amended Complaint (#3). This claim was dismissed in the Court's Order (#8) granting the State's original motion to dismiss. Although Plaintiff filed a supplemental authority dealing with First Amendment retaliation claims, he has not filed a motion to reconsider the Court's previous Order. Rather, Plaintiff concedes that he has not asserted such a claim in his Second Amended Complaint.

claim for violation of the Equal Protection Clause of the Fourteenth Amendment." (Order (#8) at 5). Specifically, the Court noted that Plaintiff failed to allege that similarly situated individuals were treated differently or that such different treatment was based on a discriminatory purpose. In addition, the Court stated that Plaintiff "must state specific conduct that enables the Court to determine whether Plaintiff may be entitled to relief if he is able to prove his allegations." Id.

"The Court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 755 (9th Cir. 1994). Despite the Court's previous Order stating that Plaintiff failed to allege sufficient facts to state an equal protection claim, Plaintiff added no additional facts to his Second Amended Complaint. Rather, Plaintiff added the sentence "[o]thers similarly situated were not treated adversely." (Second Amended Complaint (#9) at 4). Without additional facts, Plaintiff's assertion is merely a legal conclusion in the form of a factual allegation. Thus, Plaintiff has again failed to state specific conduct that enables the Court to determine whether Plaintiff may be entitled to relief. As a result, this claim is dismissed.

**II.     Family and Medical Leave Act Claim**

In Plaintiff's Second Amended Complaint, he asserts that the State "failed to provide Plaintiff with leave to which he was entitled under the Family Medical Leave Act after knowing Plaintiff had a serious health condition for which leave was required." (Second Amended Complaint (#9) at 7). Specifically, Plaintiff asserts that after providing the State with a certification from a health care provider stating that Plaintiff was entitled to FMLA leave, the State "ordered Plaintiff to fitness for duty and FMLA second opinion examinations by a physician." (Second Amended Complaint (#9)). According to Plaintiff, this request violated his rights under the FMLA because the physician called for the second opinion would ignore the "etiology of the stress" Plaintiff suffered from and would reach a different conclusion from Plaintiff's initial medical certification. Plaintiff thus argued that because the second physician would not agree that he was entitled to FMLA leave, Plaintiff was placed in a "catch-22"

situation and felt "compelled to resign." Id. at 8. As a result, Plaintiff asserts that the State violated the FMLA by putting him in such a position.

In its motion to dismiss, the State argues that "there was neither adverse treatment nor retaliatory motive with regard to Plaintiff's request for FMLA leave." (Motion to Dismiss (#22) at 5). According to the State, Plaintiff was terminated because of his "failure to follow through on a lawful request from his employer for a second medical evaluation based on Defendant Morrow's uneasiness concerning a medical certification previously submitted by Plaintiff." Id. The State asserts that it was "Plaintiff's choice not to seek the second opinion to certify eligibility for FMLA covered leave." Id. Plaintiff did not file any response to this argument in his opposition.[3]

"The FMLA provides job security to employees who must be absent from work because of their own illnesses, to care for family members who are ill, or to care for new babies." Bailey v. Southwest Gas Co., 275 F.3d 1181, 1185 (9th Cir. 2002)(quoting Bachelder v. Am. West Airlines, 259 F.3d 1112, 1119 (9th Cir. 2001)). Under the FMLA, "employees are entitled to take up to twelve weeks of leave each year and are guaranteed reinstatement after exercising their leave rights." Id. "It is unlawful for an employer to interfere with, restrain or deny an employee's exercise of FMLA rights." Id.; see 29 U.S.C. § 2615(a). In addition, "an employer may not discharge an employee because the employee has opposed practices made unlawful under the FMLA." Id.; see 29 U.S.C. § 2615(a).

If an employee asks for leave because of his or her own serious health condition, or that of a child, spouse, or parent, the employer may require that the request be supported by timely certification from the appropriate treating health care provider. 29 U.S.C. § 2613(a); see also Bailey, 275 F.3d at 1185-86. "If an employer has reason to doubt the validity of a medical certification, the employee may be required to obtain a second medical opinion at the employer's expense." Bailey, 275 F.3d at 1186. "The employer is permitted to designate the

---

[3] Under Local Rule 7-2 "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2(d). Plaintiff's Opposition to Motion to Dismiss (#23) was approximately one page and, as noted, failed to address the State's argument relating to his FMLA claim. By failing to oppose, Plaintiff consents to the State's argument pursuant to Local Rule 7-2(d). However, Plaintiff's failure to oppose the State's argument, on its own, is an insufficient ground for dismissal. See Ghazali v. Moran, 46 F.3d 52, 53 (9th cir. 1995).

health care provider to furnish the second opinion." 29 C.F.R. § 825.307(b)(2); see also 29 U.S.C. § 2613(c)(1). The only limitation listed by the statute is that the health care provider "shall not be employed on a regular basis by the employer." 29 U.S.C. § 2613(c)(2).

The FMLA provides a resolution for instances where there are conflicting opinions between the initial certification and the second opinion. "In any case in which the second opinion . . . differs from the opinion in the original certification . . ., the employer may require, at the expense of the employer, that the employee obtain the opinion of a third health care provider." 29 U.S.C. § 2613(d)(1). The third health care provider should be "designated or approved jointly by the employer and the employee." Id. In addition, the statute states that the third opinion "shall be considered final and shall be binding on the employer and the employee." 29 U.S.C. § 2613(d)(2). According to the regulations, "[t]he employer and the employee must each act in good faith to attempt to reach agreement on whom to select for the third opinion provider."[4] 29 C.F.R. § 825.307(c). As an example, the regulations provide that "an employee who refuses to agree to see a doctor in the specialty in question may be failing to act in good faith." Id.

29 C.F.R. § 825.305(d) provides consequences if an employee fails to cooperate with the certification process. "If the employee fails to provide the employer with a complete and sufficient certification, despite the opportunity to cure the certification . . . or fails to provide any certification, the employer may deny the taking of FMLA leave." 29 C.F.R. § 825.305(d). That provision further states that it "will apply in any case where an employer requests a certification permitted by these regulations, whether it is the initial certification, a recertification, a second or third opinion, or a fitness for duty certification, including any clarifications necessary to determine if such certifications are authentic and sufficient."[5] Id.

---

[4] The regulations include consequences if either the employer or employee refuse to act in good faith in attempting to reach agreement on the third provider. "If the employer does not attempt in good faith to reach agreement, the employer will be bound by the first certification." Id. "If the employee does not attempt in good faith to reach agreement, the employee will be bound by the second certification." Id.

[5] Although the Ninth Circuit has not addressed this exact issue, the Seventh Circuit has stated that an "employee who fails to cooperate with the second-opinion process under § 2613(c) loses the benefit of leave under §2612(a)(1)(C) or (D)." Diaz v. Fort Wayne Foundry Corp., 131 F.3d 711, 713 (7th Cir. 1997).

In this matter, Plaintiff has filed a claim against the State asserting that the State violated the FMLA by requiring Plaintiff to subject himself to a second opinion medical examination. However, as can be seen from the foregoing statutory provisions and regulations, Plaintiff's refusal to consent to a second opinion is not a protected activity under the FMLA, nor is such a request by the State unlawful. In fact, the FMLA expressly provides that an employer is entitled to such an opinion when there is reason to doubt the validity of a medical certification. Although Plaintiff argues that the second opinion would conflict with the initial certification because the second health care provider would ignore "the etiology of the stress," the statute provides a remedy in such a situation. Rather than refusing to take the second opinion examination, the statute provides that in the case of conflicting opinions, the employee has the right to seek an opinion from a third health care provider designated or approved jointly by the employer and the employee. Thus, based on the foregoing, Plaintiff's claim for violation of the FMLA is dismissed for failure to state a claim. The State's request that Plaintiff get a second opinion medical examination in not unlawful under the Act.

**III.     Negligence Claim**

Finally, the State moves to dismiss Plaintiff's negligence claim because "Plaintiff pleads no facts with regard to duty-of-care, when and where this alleged duty was breached, no causation of facts that link the alleged breach-of-duty, nor any alleged damages in this cause of action." (Motion to Dismiss (#22) at 5). In response, Plaintiff argues that "[i]n terms of negligence, Plaintiff has alleged a duty to exercise reasonable care so as to avoid foreseeable harm and that such harm resulted." (Opposition to Motion to Dismiss (#23) at 1). He also asserts that the "harm is described in the factual allegations," and the "breach of duties are alleged in the wrongful conduct in the factual allegations." Id.

"A claim for negligence in Nevada requires that the plaintiff satisfy four elements: (1) an existing duty of care, (2) breach, (3) legal causation, and (4) damages. Turner v. Mandalay Sports Entm't, LLC, 180 P.3d 1172, 1175 (Nev. 2008). Although Plaintiff has set forth the appropriate legal theory for a negligence claim, Plaintiff has provided no set of facts to support such a claim. As noted, a plaintiff must set forth more than a "formulaic recitation of the

7

elements of a cause of action" in order to survive a motion to dismiss. See Bell Atlantic Corp, 127 S.Ct. at 1965. Because the facts alleged in the Second Amended Complaint are insufficient to state a claim of negligence against the State, this claim must be dismissed.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that the State of Nevada, ex.rel., its Department of Conservation and Natural Resources, Division of State Parks' Motion to Dismiss (#22) is GRANTED. Plaintiff's claims under 42 U.S.C. § 1983 are dismissed. Plaintiff's claim for violation of the FMLA is dismissed. Plaintiff's claim for negligence against the State is dismissed. The Clerk of the Court shall enter judgment accordingly.

Dated this 25th day of February, 2009.

_____
United States District Judge